By the Court.—Sedgwick, Ch. J.
The action was for damages from a wrongful discharge of plaintiff by defendant who had employed plaintiff under a written *392 contract. The defendant hired the plaintiff for six months from February 15th as “ soliciting employee in the business of printing and publishing, carried on by said Hassell . . . The said Tullís is to give all his time and his best efforts to the business, and the said Hassell agrees to pay the said Tullís therefor, $30 a week.”
The complaint charged that pursuant to, said agreement plaintiff had rendered service to the defendant until April 13, 1886, when defendant wrongfully discharged the plaintiff, to his damage in the sum of $580.” On March 27 the defendant wrote to the plaintiff that he was dissatisfied with the way in which the plaintiff performed his services, that the business done by the plaintiff amounted to only $7 in the last month; that the plaintiff did not report at the office. The letter continued “ unless you are willing to render me reasonable return for your salary I shall discharge you on April 10, next; meanwhile and hereafter I desire you to report at the office every morning at nine o’clock A. h., and again between five and, six o’clock p. m. and report the work you have done during each day.”
The plaintiff disobeyed the direction of this letter as to attendance at the office intentionally, going there irregularly at later hours in the morning, and not every day. The disregard of the instructions was habitual, and for this cause on April 13, he was discharged.
The excuse he gave on the stand for his conduct was that to be at the office at nine A. m. and five p. m. would prevent his getting business for the defendant. The defendant persisted in requiring him to attend.
Against the objection of the defendant, the jury were instructed to find whether the command of the defendant was' reasonable.
I am of opinion that the command was of a kind that the defendant might give at his pleasure, whether it was for his interest or not. The plaintiff had no legal interest in the way in which he should dispose of his time. He was not paid according to the business he should *393 bring to the defendant. The defendant had the right to require the plaintiff to use the time contracted for, as the defendant thought best, provided such use had any relation whatever to the business of soliciting advertisements and of instructions in respect of it and reports of results.
For this reason the jury could not competently find that the command was unreasonable. The defendant was entitled to a dismissal of the complaint on the ground that the plaintiff was not wrongfully discharged.
I also think that the plaintiff was not under any .circumstances entitled in this action to recover for wages falling due before the alleged wrongful discharge. As this complaint was drawn, the only damages sought were such as followed from a wrongful discharge.
The judgment and order appealed from should be reversed and a new trial ordered with costs to abide event.
Freedman, J., concurred.